IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-30093-MJR |
| | ) |
| LATASHA C. STEVENSON, | ) |
| | ) |
| Defendant. | ) |

## STIPULATION OF FACTS

The attorney for the United States and the attorney for the Defendant have engaged in discussions and have stipulated to the following facts to support the plea of guilty in accordance with U.S.S.G. § 6B1.4.

1.  **LATASHA C. STEVENSON**, during all relevant times, lived in Belleville, Saint Clair County, which is located in the Southern District of Illinois.

2.  **STEVENSON** defrauded the State of Illinois Medicaid Home Services Program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and/or an Individual Provider Payment Policies form. The qualified beneficiary must have a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Program Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

3. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

4. On February 21, 2011, **STEVENSON** completed an Employment Agreement Between Customer and Personal Assistant form with a qualified Medicaid beneficiary.

5. From on or about February 28, 2011 through on or about November 15, 2012, **STEVENSON**, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, completed Home Service Time Sheets which she falsely claimed personal assistant services for customer CF that were not provided. **STEVENSON** also falsely claimed personal assistant services while customer CF was in the hospital. **STEVENSON** signed each timesheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THAT THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

6. From on or about December 17, 2012 through on or about February 26, 2013, **STEVENSON**, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, completed Home Service Program Time Sheets which she falsely claimed personal assistant services for customer CF that were not provided. **STEVENSON** also falsely claimed personal assistant services while customer CF was in the hospital. **STEVENSON** signed each timesheet under the following printed statement:

> *I understand falsification of any information submitted on this form could lead to criminal prosecution.*

7. From February 28, 2011, until February 26, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **STEVENSON** submitted Home Service Time Sheets of which she falsely claimed hours of personal assistant services that were not performed on the dates and times as reported on the Home Services Time Sheet because the beneficiary/customer was not home but actually in the hospital.

8. **STEVENSON** admits that she did knowingly and willfully execute the scheme to defraud a health care benefit program, affecting interstate commerce, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed.

9. As a result of falsely claiming services, **STEVENSON** obtained approximately $2,000.00 in payments for personal assistant services not actually performed for a Medicaid beneficiary.

10. The Defendant's actions as charged in the Indictment occurred within the Southern District of Illinois.

**IT IS SO STIPULATED.**

JAMES L. PORTER
Acting United States Attorney

_____
LATASHA STEVENSON
Defendant

_____
WILLIAM E. COONAN
Assistant United States Attorney

_____
THOMAS C. GABEL
Attorney for Defendant

Dated: 3-30-2016 , 2016          Dated: 3-30 , 2016